UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>CBS INTERACTIVE INC.,<br><br>                    Defendant. | Case No. 18-cv-07345 (JSR)<br><br>ECF Case |

**DEFENDANT CBS INTERACTIVE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIMS**

COWAN, DeBAETS, ABRAHAMS &
SHEPPARD LLP
Eleanor M. Lackman
Lindsay R. Edelstein
Sara Gates
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
elackman@cdas.com
ledelstein@cdas,com
sgates@cdas.com

*Attorneys for Defendant CBS Interactive Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................................. ii

FACTUAL BACKGROUND ................................................................................................. 1

    The Cumberbatch and Ritter Lawsuit Settlement Agreements ........................................ 2

    The Instant Lawsuit ......................................................................................................... 4

ARGUMENT ........................................................................................................................ 7

I.      GOOD CAUSE EXISTS FOR MODIFYING
        THE SCHEDULING ORDER UNDER RULE 16(B) ........................................... 7

II.     MOTIONS TO AMEND ARE FREELY
        GRANTED WHEN JUSTICE REQUIRES ......................................................... 8

III.    THE INTERESTS OF JUSTICE MERIT
        GRANTING CBSI'S MOTION TO AMEND ..................................................... 10

        A.    Sands Cannot Show That Any of the Factors
             That Would Weigh Against Amendment Are Present .............................. 10

             1.    The Proposed Amendment Is Not Futile ...................................... 10

             2.    There Is No Undue Delay, Bad Faith, or Dilatory Motive .......... 13

             3.    Sands Will Not Suffer Any Undue Prejudice
                   from CBSi's Filing of Its Proposed Amended Answer ................ 15

CONCLUSION ..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*,
404 F.3d 566 (2d Cir. 2005)....................................................................................9

*Ballard v. Parkstone Energy, LLC*,
No. 06 CIV. 13099 (RWS), 2008 WL 4298572 (S.D.N.Y. Sept. 19, 2008)...........................10

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993)....................................................................................15

*Christians of California, Inc. v. Clive Christian Furniture Ltd.*,
No. 13 CIV. 275 LTS JCF, 2014 WL 982889 (S.D.N.Y. Mar. 11, 2014)..............................13

*Christians of California, Inc. v. Clive Christian New York, LLP*,
No. 13 CIV. 0275 KBF JCF, 2014 WL 3605526 (S.D.N.Y. July 18, 2014) ......................7, 15

*Cold Metal Products Co. v. Crucible Steel Co. of America*,
126 F. Supp. 546 (D.N.J. 1954) ..............................................................................10

*Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*,
233 F.R.D. 355 (S.D.N.Y. 2005) ..............................................................................14

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91 (S.D.N.Y. 2010) ...............................................................................10

*Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*,
No. 15-CV-4410 (VM), 2016 WL 297311 (S.D.N.Y. Jan. 21, 2016) ...................................11

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*,
304 F.R.D. 170 (S.D.N.Y. 2014) ..........................................................................7, 15

*Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.*
No. CV-88-3931, 1991 WL 10931 (E.D.N.Y. Jan. 24, 1991) .................................................9

*General Motors Corp. v. Kolodin*,
16 F.R.D. 20 (E.D.N.Y. 1954) ..................................................................................9

*Gillette Co. v. Philips Oral Healthcare, Inc.*,
No. 99CIV0807LAPDF, 2001 WL 1442637 (S.D.N.Y. Nov. 15, 2001) ...............................14

*Kassner v. 2nd Ave. Delicatessen Inc.*,
496 F.3d 229 (2d Cir. 2007)....................................................................................7

*MacLean Assoc., Inc. v. William M. Mercer-Medlinger-Hansen, Inc.*,
  129 F.R.D. 492 (E.D. Pa. 1990)................................................................................10

*McCoy v. Goldberg*,
  845 F. Supp. 155 (S.D.N.Y. 1994)............................................................................14

*Mobius Mgmt. Sys., Inc. v. Fourth Dimension Software, Inc.*,
  880 F. Supp. 1005 (S.D.N.Y. 1994)..........................................................................13

*N.Y. State Nat'l Org. for Women v. Cuomo*,
  182 F.R.D. 30 (S.D.N.Y. 1998) .................................................................................9

*Schaer v. City of New York*,
  No. 09 CIV. 7441 CM MHD, 2011 WL 1239836 (S.D.N.Y. Mar. 25, 2011).........................11

*Slayton v. Am. Express Co.*,
  460 F.3d 215 (2d Cir. 2006)..................................................................................8, 10

*State Teachers Ret. Bd. v. Fluor Corp.*,
  654 F.2d 843 (2d Cir. 1981)...................................................................................14

*Tardd v. Brookhaven Nat. Lab.*,
  407 F. Supp. 2d 404 (E.D.N.Y. 2006) .......................................................................13

*T&N plc v. Fred S. James & Co. of NY*
  No. 89 CIV. 7688 (CSH), 1991 WL 190581 (S.D.N.Y. Sept. 16, 1991) ...............................11

*TRS Sicom S.P.A. v. TRS Inc.*,
  168 F. Supp. 3d 698 (S.D.N.Y. 2016).........................................................................12

*Unique Sports Generation, Inc. v. LGH-III, LLC*,
  No. 03 CIV. 8324 JGK DF, 2005 WL 2414452 (S.D.N.Y. Sept. 30, 2005) ............................9

*Zu Guo Yang v. Shanghai Cafe Inc.*,
  No. 10 CIV. 8372 LLS, 2012 WL 398641 (S.D.N.Y. Feb. 8, 2012)........................................9

**Rules**

Fed. R. Civ. P. 12.............................................................................................10

Fed. R. Civ. P. 13.......................................................................................1, 6, 9, 10

Fed. R. Civ. P. 15............................................................................................. *passim*

Fed. R. Civ. P. 16.........................................................................................1, 6, 7, 9

Pursuant to Federal Rules of Civil Procedure 13(e), 15(a)(2), 15(d), and 16(b), and as authorized by the Court's Order of January 29, 2019, defendant CBS Interactive Inc. ("CBSi") respectfully submits this memorandum of law in support of its motion for leave to amend and supplement its answer (the "Motion to Amend") filed on September 18, 2018 (the "Original Answer"), to include two related causes of action for breach of contract and breach of the covenant of good faith and fair dealing pertaining to plaintiff Steve Sands' ("Plaintiff" or "Sands") bad faith conduct prior to, and during, this litigation. In particular, by virtue of Sands' Motion for Summary Judgment, which relies heavily on inferences from settlement agreements that Sands agreed never to assert against CBSi, Sands has injected the two prior agreements into this case; this in turn has merited the need to amend to add counterclaims for breaches of those agreements into this action. True and correct copies of CBSi's proposed amended answer (the "Proposed Amended Answer") containing the additional counterclaims and a redline version comparing the Proposed Amended Answer to the Original Answer are submitted for the Court's reference as Exhibits H and I, respectively, to the accompanying Declaration of Eleanor M. Lackman, dated February 6, 2019 ("Lackman Decl.").

## FACTUAL BACKGROUND

The instant lawsuit, filed on August 14, 2018 (the "Instant Lawsuit"), arises out of CBSi's October 7, 2016 publication of five on-set photographs of actors Jon Bernthal and Deborah Ann Woll, which Sands alleges he took during filming of Netflix's "The Punisher" television series (the "Punisher Photographs"). Dkt. No. 1 ("Complaint" or "Cplt.") ¶¶ 1, 6, 10.[1] Sands, a photographer and "professional plaintiff" who has filed over 60 essentially-identical

---

[1] For a full recitation of the facts, see CBSi's recently filed memorandum of law and statement pursuant to Local Rule 56.1 filed in support of its motion for partial summary judgment. Dkt. Nos. 24, 27.

lawsuits in the past three years alone, purports to have taken the Punisher Photographs, which were solely licensed to one entity, Evolve Media, LLC, for online use only through Getty Images (U.S.), Inc. ("Getty").  *See* Lackman Decl. ¶ 2; Cplt. ¶¶ 5, 7; Dkt. No. 26-3.  Sands concedes that "about two years ago[,]" he was aware that many websites were using the Punisher Photographs without having licensed them from either him directly, or from Getty, but he did not contact any of them.  Lackman Decl. ¶ 7, Ex. G at 77:7–17.

**The Cumberbatch and Ritter Lawsuit Settlement Agreements**

Pertinent to the present motion are two settlement agreements that Sands entered into with CBSi previously, regarding two prior lawsuits filed in this District.  In particular, Sands initiated lawsuits against CBSi on April 29, 2018 and June 12, 2018, relating to CBSi's allegedly unauthorized use of photographs which Sands claims to have taken of actors Benedict Cumberbatch (the "Cumberbatch Lawsuit") and Krysten Ritter (the "Ritter Lawsuit"), respectively.  *See* Dkt. No. 20-6 at 57, 63; Lackman Decl. ¶¶ 3, 4, Exs. A, C.  CBSi was alleged to have published the photograph of Cumberbatch on its GameSpot website (the same site on which CBSi published the claimed photographs in the Instant Lawsuit) on or about November 6, 2016, and purportedly published the photograph of Ritter at the CBSNews.com website on or around January of 2016.  Lackman Decl. ¶¶ 3, 4, Exs. A, B.  Both of these uses occurred within the same year as the use at issue in the Instant Lawsuit (in October 2016).  *Id.*; *see also* Cplt. ¶ 10.

Like so many other defendants who understand the Liebowitz Firm's business model of seeking settlements below the cost of defense, CBSi amicably resolved the Cumberbatch Lawsuit with Sands pursuant to a settlement agreement, entered into on May 21, 2018 (the

"Cumberbatch Settlement Agreement").[2]  Lackman Decl. ¶ 5, Ex. E.  The Ritter Lawsuit was also resolved pursuant to a settlement agreement, entered into on July 25, 2018 (the "Ritter Settlement Agreement"; together, with the Cumberbatch Settlement Agreement, the "Settlement Agreements").  *Id.* ¶ 5, Ex. F.  All terms of the Settlement Agreements that are pertinent to this Motion are identical.[3]  *See id.* Exs. E, F.

The Settlement Agreements contain language indicating that they are being entered into "to settle all present, potential, and future claims between [Sands and CBSi]."[4]  *Id.*  Specifically, the recitals (the "Recitals") expressly state as follows:

> WHEREAS, without any admission of liability, **Sands and CBSI now desire to settle all present, potential and future claims between them**, and enter into this confidential settlement agreement and release (the "Agreement") providing for a full, final and complete settlement on the terms and conditions set forth herein . . .

*Id.* (emphasis added).  Yet another provision of the Settlement Agreements further clarifies that the Parties intended the Settlement Agreements to resolve *all claims* between them, and expressly states that the Settlement Agreements are "in full and complete settlement of **all claims** between them, including **but not limited to those claims related to the Image** that were or could have been asserted in the Action."  *Id.* § 1 (emphasis added).

The Settlement Agreements each also contain a confidentiality provision prohibiting the Parties from disclosing the terms and conditions of the Settlement Agreement, including the existence of the agreement itself, and a provision prohibiting the Parties from, among other

---

[2] *See McDermott v. Monday Monday,* LLC, No. 17 Civ. 9230 (DLC), 2018 WL 1033240, at *3 n. 4 (S.D.N.Y. Feb. 22, 2018) (Mr. Liebowitz's firm "plays a numbers game in which it targets hundreds of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.") (cleaned up).

[3] Under the terms of the Settlement Agreements, CBSi has sought and obtained the Court's permission to disclose specific contents of the Settlement Agreements herein for the purposes of this Motion.  Lackman Decl. ¶ 5, n.4.

[4] In the Settlement Agreements, Sands and CBSi are referred to as the "Parties," and may be referred to as such herein.

things, using the existence of the Settlement Agreements as an admission or concession against a party, or using payment pursuant to the agreement as evidence in any proceeding (the "Admission Provision"). *Id.* §§ 6, 9. Specifically, the Admission Provision states as follows:

> **No Admission**. It is expressly understood and agreed that this Agreement is not an admission on the part of any party that such party has committed any wrongful acts or any violation of law. Neither this Agreement nor any document referred to in this Agreement, **nor any action taken to carry out this Agreement or in connection with the negotiations leading up to this Agreement, is or may be construed as, or may be used as, an admission or concession by or against any party on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever.** To the contrary, CBSI expressly denies that it or any other CBS Releasee has committed any such acts, violated any statute, law, regulation or ordinance, or incurred any liability therefore, and this Agreement **merely reflects an amicable resolution of a claim between Sands and CBSI.**

*Id.* § 9 (emphasis added).

### The Instant Lawsuit

Despite the Settlement Agreements having been entered into to "settle all present, potential, and future claims between [Sands and CBSi]," and the fact that any payment made pursuant to the Settlement Agreements was conditioned on "settlement of *all claims* between them, including *but not limited to* those claims related to the Images that were or could have been asserted" in the respective actions, Sands filed the Instant Lawsuit on August 14, 2018, within two months following settlement between the parties of "all claims." Lackman Decl. ¶ 5, Exs. E, F, § 1. (emphasis added). *See generally* Cplt. Despite conceding at his deposition his knowledge of widespread use of the Punisher Photographs at least two years prior to filing the suit, he never referenced it during settlement discussions between the Parties relating to the Cumberbatch or Ritter Lawsuits, and he never contacted CBSi regarding the Punisher Photographs prior to initiating the Instant Lawsuit. Lackman Decl. ¶¶ 11; Dkt. No. 26-1 at 33:6-33:15.

In the Complaint, Sands states that "CBS has a history of using [his] photographs without permission," and references the Cumberbatch and Ritter Lawsuits as evidence of the fact that "Plaintiff filed two other copyright infringement cases against CBSi."  Cplt. ¶ 12.  On September 18, 2018, CBSi filed its Original Answer in the Instant Lawsuit.  *See* Dkt. No. 8.  Although CBSi did not file a counterclaim at that time, it asserted various affirmative defenses against Sands.  *Id.*

On January 25, 2019, following discovery, the parties each filed motions for summary judgment.  *See* Dkt. Nos. 17–22 ("Sands' Summary Judgment Motion"), Dkt. Nos. 23–27 ("CBSi's Summary Judgment Motion").   In Sands' Summary Judgment Motion, he relies extensively on assertions that "CBSi has been sued for copyright infringement at least 16 times in this District," and that CBSi "'settled,' 'settled in principle,' 'resolved,' and/or 'dismissed with prejudice'" 14 out of 16 of those suits — including the Cumberbatch and Ritter Lawsuits — to support his argument that CBSi should be held liable for willful copyright infringement.  Dkt. No. 18 at 1, 23; Dkt. No. 20 ¶¶ 16–18.  Annexed to Sands' Summary Judgment Motion was a declaration from his attorney, Richard Liebowitz, who included a chart detailing CBSi's settlements (Dkt. No. 20-5) and 74 pages of docket entries from copyright infringement cases that CBSi reportedly settled (Dkt. No. 20-6) — notably omitting a lawsuit that Sands voluntarily withdrew.[5]  Sands' Summary Judgment Motion brings the Cumberbatch and Ritter Lawsuits into the case, specifically referencing them as a basis for his willfulness argument and noting that the suits were "settled in principle."  Dkt. No. 18 at 23; Dkt. No. 20 ¶ 18.  In the following excerpts from Sands' Summary Judgment Motion, he uses the settlement of these lawsuits as purported evidence that CBSi was liable for infringement in the past:

---

[5] On January 25, 2017, Sands filed a lawsuit against CBSi relating to CBSi's use of a photograph of actors Krysten Ritter and Michael Cotler, which he voluntarily withdrew five days later after realizing that CBSi had properly licensed the photograph.  Lackman Decl. ¶ 4, n.3, Ex. D.

Defendant CBS Interactive, Inc. ("Defendant" or "CBSi") is a largescale news publisher who has been sued for copyright infringement at least sixteen times in this District in the last three years. **Having been caught yet once again exploiting copyrights without first obtaining permission from rights holders** . . . .

Prior to this action, Sands filed suit against CBSi for copyright infringement three separate times. **According to the public record, two of those infringement suits were "settled in principle" and the cases terminated shortly thereafter**.

Dkt. No. 18 at 1, 23 (emphases added).

Following CBSi's discovery during a January 10, 2019 deposition that Sands likely had knowledge of CBSi's use of the Punisher Photographs during the negotiations of the Settlement Agreements (which were meant to resolve "all claims" between Sands and CBSi), and Sands' use of the fact of settlement as purported evidence of CBSi's liability and in support of his argument that CBSi committed willful infringement in the Instant Lawsuit, CBSi initiated a teleconference with Sands' counsel and the Court on January 29, 2019 to seek leave to amend or supplement its Original Answer to add two counterclaims for breach of the Settlement Agreements and breach of the implied covenant of good faith and fair dealing (the "Proposed Counterclaims"). Lackman Decl. ¶ 11. The Court then directed CBSi to file the instant Motion to Amend, which seeks leave: (1) to amend CBSi's Original Answer pursuant to Rules 15(a)(2) and 16(b) with respect to Sands' failure to disclose his knowledge of CBSi's use of the Punisher Photographs during negotiation of the Settlement Agreements and his filing of a lawsuit regarding a use that was previously resolved pursuant to the explicit terms of the Settlement Agreements; and (2) to supplement its Original Answer pursuant to Rules 13(e), 15(d), and 16(b) with respect to Sands' use of the Cumberbatch and Ritter settlements as evidence in the Instant Lawsuit, and in particular, as "an admission or concession by or against any party on any point of fact or law, or of any alleged fault, wrongdoing, or liability . . . ." *Id.* ¶ 12.

## ARGUMENT

**I.   GOOD CAUSE EXISTS FOR MODIFYING THE SCHEDULING ORDER UNDER RULE 16(b)**

Once the deadline to file amended pleadings has passed, a party seeking leave to amend should satisfy the requirements of Rule 16(b) of the Federal Rules of Civil Procedure. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). Rule 16(b) provides that a scheduling order may be modified to permit amendment of an answer upon a showing of "good cause" and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the party seeking the amendment but may also consider other relevant factors such as whether allowing the amendment will prejudice Plaintiff. *See Kassner*, 496 F.3d at 244. This District also has recognized that it "has discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 176 (S.D.N.Y. 2014).

Here, there is good cause for the Court to permit amendment of CBSi's Original Answer under Rule 16(b). "In order to show good cause, the moving party must demonstrate that, 'despite having exercised diligence' in its efforts to adhere to the court's scheduling order, 'the applicable deadline [to amend] could not reasonably have been met." *Christians of California, Inc. v. Clive Christian New York, LLP*, No. 13 CIV. 0275 KBF JCF, 2014 WL 3605526, at *4 (S.D.N.Y. July 18, 2014) (quoting *Huber v. National Railroad Passenger Corp.*, No. 10 Civ. 9348, 2012 WL 6082385, at *3 (S.D.N.Y. Dec. 4, 2012)). For example, "[a] party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Id.* (internal citations and quotations omitted). CBSi acted diligently in proceeding with discovery in this action but

did not discover the facts that gave rise to the Proposed Counterclaims until Sands' deposition, in which he admitted that he knew about CBSi's use of the Punisher Photographs during the negotiation of the Settlement Agreements, and the filing of Sands' Summary Judgment Motion, in which he sought to use the Settlement Agreements (along with several other settlement agreements with prohibitions of which Mr. Liebowitz was surely aware) adversely against CBSi. *See* Lackman Decl. ¶¶ 7, 8.  As Sands' deposition took place on January 10, 2019 (*see* Dkt. No. 26-1), and Sands' Summary Judgment Motion was filed on January 25, 2019 (*see* Dkt. No. 17), CBSi could not have moved to amend its Original Answer until well after the Court's November 9, 2018 deadline for motions to amend.  *See* Dkt. No. 13.  Upon discovery of the facts that gave rise to the proposed amendment, CBSi has been diligent in bringing this Motion to Amend by contacting the Court on January 29, 2019 to seek leave to amend and promptly briefing the issues before the Court.  Lackman Decl. ¶ 11.  There is little-to-no prejudice to Sands because no additional discovery is required, and the amendment would not further delay proceedings.  Accordingly, good cause exists for the Court to permit CBSi to amend its Original Answer outside the deadlines in the Court's scheduling order.

## II.   MOTIONS TO AMEND ARE FREELY GRANTED WHEN JUSTICE REQUIRES

Under the liberal standard of Rule 15, leave to amend is within the sound discretion of the Court and "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15 serves to provide the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities."  *Slayton v. Am. Express Co.,* 460 F.3d 215, 228 (2d Cir. 2006) (internal citation omitted).  A motion to amend should be denied only on the basis of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed

pleading, or futility." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005).

Specifically, Rule 15(a) is a vehicle to add claims, parties, or defenses based on facts that occurred *before* the original pleading was filed, and Rule 15(d) permits "a party to serve a supplemental pleading setting out any transaction occurrence, or event that happened *after* the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d) (emphasis added); *see also Unique Sports Generation, Inc. v. LGH-III, LLC*, No. 03 CIV. 8324 JGK DF, 2005 WL 2414452, at *4 (S.D.N.Y. Sept. 30, 2005).

Moreover, Rule 13(e) allows the Court to "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Fed. R. Civ. P. 13(e). Rule 13 must be read "in conjunction with Rule 15 of the Federal Rules of Civil Procedure[,]" *Gasser Chair Co., Inc. v. Infanti Chair Mfg. Corp.* No. CV-88-3931, 1991 WL 10931, at *1 (E.D.N.Y. Jan. 24, 1991), and the liberal amendment policy of Rule 15 applies to requests to add counterclaims pursuant to Rule 13(e). *Zu Guo Yang v. Shanghai Cafe Inc.*, No. 10 CIV. 8372 LLS, 2012 WL 398641, at *2 (S.D.N.Y. Feb. 8, 2012) ("The standard for exercise of discretion on a motion to supplement the pleadings is the same as that for disposition of a motion to amend a complaint under Rule 15(a)."); *N.Y. State Nat'l Org. for Women v. Cuomo*, 182 F.R.D. 30, 36 (S.D.N.Y. 1998) (same).

While counterclaims may only be asserted under Rule 13(e) by leave of court, such leave will usually will be granted in order to enable the parties to litigate all the claims that they have against each other at one time thereby avoiding multiple actions. *See General Motors Corp. v. Kolodin*, 16 F.R.D. 20 (E.D.N.Y. 1954) ("No useful purpose would be served by relegating defendant to an independent suit against plaintiff on the basis of an after-acquired counterclaim,

particularly when the probable result would be a motion for consolidation."); *MacLean Assoc., Inc. v. William M. Mercer-Medlinger-Hansen, Inc.*, 129 F.R.D. 492 (E.D. Pa. 1990) (allowing assertion of counterclaim where refusal would require that defendant sue the employee in a separate action in which the same facts would be presented, resulting in a waste of judicial resources); *Cold Metal Products Co. v. Crucible Steel Co. of America*, 126 F. Supp. 546, 551 (D.N.J. 1954) ("The purpose of Rule 13(e) is to provide a means for complete litigation in one action of all claims … and thus avoid a multiplicity of actions.").

## III. THE INTERESTS OF JUSTICE MERIT GRANTING CBSI'S MOTION TO AMEND

CBSi's amendment is designed to permit a decision on the merits and therefore serves the interests of justice and an efficient and complete adjudication of the disputes between the parties. *See Slayton*, 460 F.3d at 228 ("The purpose of 'Rule 15 'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" (quoting *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983)); *see also Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 103 n.5 (S.D.N.Y. 2010) (finding where "the original and proposed claims are interrelated, it also serves judicial efficiency to permit them to be brought in the same action").

### A. Sands Cannot Show That Any of the Factors That Would Weigh Against Amendment Are Present

#### 1. The Proposed Amendment Is Not Futile

A proposed amendment is considered futile only "if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Ballard v. Parkstone Energy, LLC*, No. 06 CIV. 13099 (RWS), 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008). The party opposing the motion to amend bears the burden of establishing futility. *Id.* In evaluating this factor, a court "need not

finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *T&N plc v. Fred S. James & Co. of N.Y.*, No. 89 CIV. 7688 (CSH), 1991 WL 190581, at *2 (S.D.N.Y. Sept. 16, 1991).

Here, as shown in the redlined version of the Proposed Amended Answer, attached as Exhibit I to the Lackman Decl., CBSi proposes modest amendments that will not require any additional discovery in the Instant Lawsuit.  In particular, CBSi seeks to add related claims against Sands for breach of the implied covenant of bad faith and fair dealing based on Sands' failure to disclose his knowledge of CBSi's use of the Punisher Photographs during negotiation of the Settlement Agreements, as well as a claim against Sands for breach of the Settlement Agreements based on his filing of a lawsuit regarding a use that was previously resolved pursuant to the explicit terms of the Settlement Agreements, and Sands' use of the fact of the Cumberbatch and Ritter settlements as evidence of liability in the Instant Lawsuit.[6]  Information gleaned though Sands' deposition, as well as evidence presented on the face of Sands' Summary Judgment Motion, show that these claims have merit.

"[A] covenant of good faith and fair dealing is implied in every contract 'pursuant to which neither party to a contract shall do anything which has the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.*, No. 15-CV-4410 (VM), 2016 WL 297311, at *6 (S.D.N.Y. Jan. 21, 2016) (quoting *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 407 (2d Cir. 2006)).  Sands breached this covenant by entering into the Settlement Agreements (with potential knowledge of the claim

---

[6] Furthermore, allowing Sands to use evidence of settlement against CBSi would frustrate the public policy underlying settlement.  *See Schaer v. City of New York*, No. 09 CIV. 7441 CM MHD, 2011 WL 1239836, at *13 n.9 (S.D.N.Y. Mar. 25, 2011) ("[P]re-trial settlements are made for many reasons (one of them being to save money in the long run) and do not suggest liability on anyone's part.").

at issue in the Instant Lawsuit), and agreeing to settle all claims, but then waiting nearly two years to commence this action against CBSi.  Each of the Settlement Agreements sets forth that Sands and CBSi agreed to settle "all claims between them," including "present, potential and future claims."  Lackman Decl. Exs. E, F.  Sands and CBSi agreed to this implicit covenant when they entered into each of the Settlement Agreements on or about May 21, 2018 and July 25, 2018, respectively.  *See id.*  Had CBSi known that there were potentially more claims that could be brought against it by Sands, the terms of the Settlement Agreements likely would have been quite different.  Further, a settlement encompassing all known claims would have served the interest of judicial economy by resolving claims collectively rather than what Sands aimed to do: make a calculated decision to settle some claims for purposes of turning around and using the settlement in support of a planned impending lawsuit against CBSi.

As Sands' deposition testimony has shown, Sands likely had knowledge of the alleged infringement giving rise to this action prior to his execution of the Settlement Agreements.  *See* Dkt. No. 26-1 at 77:7–17; Lackman Decl. ¶ 7.  Instead of bringing this purported use to CBSi's attention prior to entering into the Settlement Agreements, he lied in wait, only to file the Instant Lawsuit months after settling the others.

Sands also breached the express terms of the Settlement Agreements by disclosing his settlements with CBSi, referencing the fact of settlement, and using his settlements adversely against CBSi to argue that it is liable for willful copyright infringement.  *See* Dkt. No. 18 at 1, 23; Dkt. No. 20 ¶¶ 16–18.  To make out a viable claim for breach of a settlement agreement a pleading need only allege (1) the existence of the agreement, (2) adequate performance of the contract by the non-breaching party, (3) breach of contract by the breaching party, and (4) damages.  *TRS Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 705 (S.D.N.Y. 2016); *accord*

*Tardd v. Brookhaven Nat. Lab.*, 407 F. Supp. 2d 404, 420 (E.D.N.Y. 2006) (finding pleading adequately pleaded cause of action for breach of a settlement agreement).   Here, the Parties entered into the Settlement Agreements on or around May 21, 2018 and July 25, 2018, and it is undisputed that CBSi performed under the Settlement Agreements in exchange for settling all claims between the parties.   Sands then breached Sections 6 and 9 of each of the Settlement Agreements by using the fact of settlement adversely against CBSi in a subsequent proceeding, as evidence of liability.   Lackman Decl. Exs. E, F; Dkt. No. 18 at 1, 23; Dkt. No. 20 ¶¶ 16–18. Through these breaches, Sands has damaged CBSi, who performed under the Settlement Agreements with Sands to settle all claims between the Parties, and necessitated CBSi to run up attorneys' fees and engage in additional motion practice in response, not to mention deprived CBSi of part of the bargain it struck in resolving the claims on business terms.   *Cf. Mobius Mgmt. Sys., Inc. v. Fourth Dimension Software, Inc.*, 880 F. Supp. 1005, 1024 (S.D.N.Y. 1994) (finding damages resulted from the additional steps non-breaching party had to take after breach of settlement agreement).   Based on Sands' use of the Settlement Agreements against CBSi, Sands is also seeking a finding of willfulness, which he believes may entitle him to enhanced statutory damages and an award of attorneys' fees against CBSi.

Accordingly, it is evident that both of CBSi's Proposed Counterclaims would survive a motion to dismiss, and CBSi's proposed amendment is not futile.

## 2.        There Is No Undue Delay, Bad Faith, or Dilatory Motive

CBSi has not improperly delayed in seeking to amend its Original Answer and add the Proposed Counterclaims.   The parties only recently moved for summary judgment and oppositions have not yet been filed.   *See Christians of California, Inc. v. Clive Christian Furniture Ltd.*, No. 13 CIV. 275 LTS JCF, 2014 WL 982889, at *3 (S.D.N.Y. Mar. 11, 2014)

(granting leave to amend an answer where plaintiff only recently moved for partial summary judgment and defendants had not yet filed any opposition).  Moreover, the breaches underlying the Proposed Counterclaims only recently occurred, when Sands revealed during his deposition that he knew about widespread use of the Punisher Photographers during the negotiations of the Settlement Agreements and relied extensively on the fact of settlement in his Summary Judgment Motion.  *See* Lackman Decl. ¶¶ 7, 10; Dkt. No. 18 at 1, 23; Dkt. No. 20 ¶¶ 16–18.[7] Within two business days of this filing, CBSi sought leave from the Court to amend its Original Answer and assert the two Proposed Counterclaims addressing Sands' conduct.  Lackman Decl. ¶ 11.

To the extent that Sands does argue delay, the Court should not deny leave to amend on this basis alone, absent an additional basis, such as a showing of bad faith or undue prejudice. *See State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981); *accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005).

Evidence of bad faith or dilatory tactics is also absent here because, as stated, CBSi did not delay in bringing this Motion and is not asserting any meritless counterclaims in bad faith. *See McCoy v. Goldberg*, 845 F. Supp. 155, 157 (S.D.N.Y. 1994).  Indeed, CBSi is seeking to promote the interests of judicial economy by asking the Court to consider its Proposed Counterclaims, which are closely tied to its affirmative defense of unclean hands.  *See Gillette Co. v. Philips Oral Healthcare, Inc.*, No. 99CIV0807LAPDF, 2001 WL 1442637, at *15 (S.D.N.Y. Nov. 15, 2001) ("Allowing [the defendant] to pursue the proposed counterclaim

---

[7] While Sands mentioned his prior suits against CBSi in the Complaint (Dkt. No. 1 ¶ 12), he did not use the existence of the Settlement Agreements adversely against CBSi, in clear breach of those agreements, until his Summary Judgment Motion, which he filed on January 25, 2019.  *See* Dkt. Nos. 18, 20.

together with its defense of unclean hands will provide a comprehensive resolution of the controversy, avoid piecemeal litigation and result in efficient use of judicial and party resources." (internal quotations and citation omitted)).

### 3. Sands Will Not Suffer Any Undue Prejudice from CBSi's Filing of Its Proposed Amended Answer

Finally, there is no undue prejudice to Sands because the Proposed Counterclaims derive from his conduct.  In assessing whether an amendment is prejudicial to the non-moving party, courts in this Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Christians of California*, 2014 WL 3605526, at *5 ("While prejudice to the opposing party is an important consideration, only *undue* prejudice justifies denial of leave to amend.")(emphasis in original).  As courts have routinely recognized, "allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice."  *Fresh Del Monte Produce*, 304 F.R.D. at 174 (citing cases).  Thus, "the fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."  *Id.*

Here, the Proposed Counterclaims are not unduly prejudicial to Sands because they will not require him to conduct significant additional discovery — let alone *any* discovery — or otherwise delay the resolution of the dispute.  The evidence pertinent to CBSi's Proposed Counterclaims boil down to Sands' Summary Judgment Motion, which has already been submitted to the Court, and the content of the Settlement Agreements between the parties, which CBSi submitted to the Court under seal with this Motion.  No additional discovery is required for

the Court to determine whether Sands breached the implied covenant of good faith and fair dealing when he executed the Settlement Agreements and whether Sands' use of the fact of settlement in his Summary Judgment Motion is a breach of those agreements.  Moreover, the Proposed Counterclaims will not delay resolution of this matter because they specifically relate to both Sands' claim for willful copyright infringement, and CBSi's affirmative defense of unclean hands.

## **CONCLUSION**

For the foregoing reasons, CBSi respectfully requests that the Court grant its Motion in its entirety.

Dated: New York, New York
       February 6, 2019

Respectfully submitted,

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By:   /s/ Eleanor M. Lackman
Eleanor M. Lackman
Lindsay R. Edelstein
Sara Gates
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
elackman@cdas.com
ledelstein@cdas.com
sgates@cdas.com

*Attorneys for Defendant CBS Interactive Inc.*