Exhibit H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVE SANDS,

                  Plaintiff,

        *- against -*

CBS INTERACTIVE INC,

                  Defendant.

Case No. 18-cv-07345 (JSR)

ECF Case

---

## ANSWER AND FIRST AMENDED COUNTERCLAIMS
## OF DEFENDANT CBS INTERACTIVE INC.

Defendant CBS Interactive Inc. ("CBS Interactive"), by its undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP, hereby answers the complaint of plaintiff Steve Sands ("Plaintiff") in this action dated August 14, 2018 ("Complaint"), as follows:

### NATURE OF THE ACTION

1.      CBS Interactive states that the allegations contained in Paragraph 1 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore denies the same, except admits that this action purports to arise under the Copyright Act and seeks only monetary relief, and that this action involves photographs that Plaintiff claims to own.  CBS Interactive admits that it used, on its website www.gamespot.com (the "Website"), photographs of actors John Bernthal and Deborah Ann Woll on the set of Netflix's *The Punisher* television series (the "Photographs") but denies that it has infringed Plaintiff's copyrights or that Plaintiff is entitled to any relief.

**JURISDICTION AND VENUE**

2.      CBS Interactive states that the allegations contained in Paragraph 2 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits that the claim purports to arise under the Copyright Act, and as such this Court would have subject matter jurisdiction.

3.      CBS Interactive states that the allegations contained in Paragraph 3 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits that it maintains a place of business is in New York, New York and that it is therefore subject to personal jurisdiction in this district.

4.      CBS Interactive states that the allegation contained in Paragraph 4 is a conclusion of law as to which no responsive pleading is necessary, but to the extent any response is required, admits that venue is proper in this district.

**PARTIES**

5.      CBS Interactive denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore denies the same.

6.      CBS Interactive admits the allegations contained in Paragraph 6.

**STATEMENT OF FACTS**

**A.      Background and Plaintiff's Ownership of the Photographs[1]**

7.      CBS Interactive denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore denies the same.  CBS Interactive further states that the photographs attached to the Complaint as Exhibit A speak for themselves and denies any mischaracterization thereof.

---

[1] To the extent this Section Heading of the Complaint contains factual allegations or legal conclusions, CBS Interactive denies each and every such allegation and conclusion.

8.      CBS Interactive states that the allegations contained in Paragraph 8 are conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and therefore denies the same.

9.      CBS Interactive denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies the same, but states that the purported copyright registrations referenced, and the records attached to the Complaint as Exhibit B speak for themselves and denies any mischaracterization thereof.

**B.      Defendant's Infringing Activities[2]**

10.     CBS Interactive admits that, on or about October 7, 2016, it published an article on its Website entitled "*New Punisher Images Reveal Return of Key Daredevil Character*," at the URL referred to in Paragraph 10, but denies that the Photographs were featured "prominently." CBS Interactive further states that the images attached as Exhibit C to the Complaint speak for themselves and denies any mischaracterization thereof.

11.     CBS Interactive admits that it neither licensed the Photographs from Plaintiff nor obtained Plaintiff's permission or consent to publish the Photographs on its Website but denies that its use of the Photographs constitutes copyright infringement for the reasons stated herein.

12.     CBS Interactive denies the allegations contained in Paragraph 12 and states that the cases cited by Plaintiff only demonstrate the fact that Plaintiff is litigious, denies that CBS Interactive engaged in any copyright infringement in those cases, and states that CBS Interactive was never held liable, and both cases were resolved.

---

[2] To the extent this Section Heading of the Complaint contains factual allegations or legal conclusions, CBS Interactive denies each and every such allegation and conclusion.

## **FIRST CLAIM FOR RELIEF**

13.    CBS Interactive incorporates by reference each response to the allegations in Paragraphs 1 through 12 of the Complaint.

14.    CBS Interactive states that the allegations contained in Paragraph 14 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies the allegations contained in Paragraph 14, except admits that it does not, and has never had, a license to use the Photographs, but denies that it needed a license or other authorization to use the Photographs.

15.    CBS Interactive states that the allegations contained in Paragraph 15 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies the allegations contained in Paragraph 15.

16.    CBS Interactive states that the allegations contained in Paragraph 16 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies the allegations contained in Paragraph 16.

17.    CBS Interactive states that the allegations contained in Paragraph 17 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies the allegations contained in Paragraph 17.

18.    CBS Interactive states that the allegations contained in Paragraph 18 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies the allegations contained in Paragraph 18.

19.    CBS Interactive states that the allegations contained in Paragraph 19 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, CBS Interactive denies the allegations contained in Paragraph 19.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not necessitate responsive pleading, but CBS Interactive denies that Plaintiff is entitled to any of the relief sought therein.

## DEFENDANT CBS INTERACTIVE'S AFFIRMATIVE DEFENSES

CBS Interactive makes the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

## FIRST AFFIRMATIVE DEFENSE

1.     Upon information and belief, Plaintiff's copyright registrations are defective and invalid, and Plaintiff accordingly has no standing to sue for copyright infringement, let alone seek statutory damages or attorney's fees.

## SECOND AFFIRMATIVE DEFENSE

2.     Upon information and belief, Sands does not own the copyrights or, at very least, the asserted exclusive rights for some or all of the Photographs.

## THIRD AFFIRMATIVE DEFENSE

3.     To the extent any copyright has been infringed, which CBS Interactive denies, CBS Interactive's actions were innocent and non-willful, and Plaintiff fails to identify any facts supporting its allegations of willfulness, including as set forth in Paragraph 16 of the Complaint, all of which allegations are made solely "upon information and belief."  Further, once CBS Interactive became aware of Plaintiff's claim, CBS Interactive removed the Photographs from its Website.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims are barred by the doctrine of fair use under 17 U.S.C. § 107 because the story was about the Photographs, themselves (*see* Complaint, Exhibit C ("New Punisher Images Reveal Return of Key Daredevil Character")), and therefore CBS Interactive's use of the Photographs constitutes protected "comment" and/or "news reporting" expressly referenced in 17 U.S.C. § 107.

## FIFTH AFFIRMATIVE DEFENSE

5.     To the extent any copyright has been infringed, which CBS Interactive denies, Plaintiff has suffered no damages, or has suffered, at most, *de minimis* damages, as the reasonable licensing fee CBS Interactive would have paid for use of the Photograph is minimal.

## SIXTH AFFIRMATIVE DEFENSE

6.     To the extent any copyright has been infringed, which CBS Interactive denies, Plaintiff failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

7.     To the extent any copyright has been infringed, which CBS Interactive denies, Plaintiff would only be entitled to an award of the statutory minimum of $750 (to the extent that the Photographs are properly registered in the first place), as the reasonable licensing fee CBS Interactive would have paid for the Photograph is less than $250.00, given the current licensing rate for photographs taken by Plaintiff and made available online.

## EIGHTH AFFIRMATIVE DEFENSE

8.     To the extent any copyright has been infringed, which CBS Interactive denies, Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 in light of, *inter alia*, CBS Interactive's reasonable defenses.

## NINTH AFFIRMATIVE DEFENSE

9.      The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

CBS Interactive reserves the right to assert additional defenses as discovery in this case progresses.

## COUNTERCLAIMS

1.      CBS Interactive is the owner and operator of the websites located at the URLs www.gamespot.com (the "GameSpot Website") and www.cbsnews.com (the "CBS News Website").

2.      Plaintiff is a New York-based photographer who has filed over 55 lawsuits in the past three years alone.

3.      Plaintiff initiated a lawsuit against CBS Interactive on April 29, 2018, relating to CBS Interactive's allegedly unauthorized use on the GameSpot Website on November 6, 2016 of a photograph of actor Benedict Cumberbatch, which was purportedly taken by Plaintiff on the set of *Doctor Strange* (the "Cumberbatch Lawsuit").

4.      CBS Interactive amicably resolved the Cumberbatch Lawsuit pursuant to a settlement agreement entered into on May 21, 2018 (the "Cumberbatch Settlement Agreement").

5.      Plaintiff initiated another lawsuit against CBS Interactive on June 12, 2018, relating to CBS Interactive's allegedly unauthorized use on the CBS News Website in January of 2016 of a photograph of actress Krysten Ritter on the set of *Jessica Jones*, also purportedly taken by Plaintiff ("the Ritter Lawsuit"; together, with the Cumberbatch Lawsuit, the "Prior Lawsuits").

6.      CBS Interactive amicably resolved the Ritter Lawsuit pursuant to a settlement agreement entered into on July 25, 2018 (the "Ritter Settlement Agreement"; together, with the Cumberbatch Settlement Agreement, the "Settlement Agreements").

7.      Both Settlement Agreements contain language in the recitals (the "Recitals") that expressly state as follows:

> WHEREAS, without any admission of liability, Sands and CBSI now desire to **settle all present, potential and future claims between them**, and enter into this confidential settlement agreement and release (the "Agreement") providing for a full, final and complete settlement on the terms and conditions set forth herein . . .

(emphasis added).

8.      Section 1 of both Settlement Agreements provides that the agreements are "in full and complete settlement of **all claims** between them, **including but not limited to those claims related to the Image** that were or could have been asserted in the Action."  (emphasis added).

9.      Section 6 of the Settlement Agreements contains a "Confidentiality Provision" that prohibits Plaintiff and/or CBS Interactive from disclosing the terms and conditions of the Settlement Agreements, including the existence of the Settlement Agreements themselves, and only allows Plaintiff and CBS Interactive to "state, without liability to the other, only that the case or matter has been **resolved**."  (emphasis added).

10.     Section 9 of the Settlement Agreements also contains an "Admission Provision," which states as follows:

> **No Admission**.  It is expressly understood and agreed that this Agreement is not an admission on the part of any party that such party has committed any wrongful acts or any violation of law. **Neither this Agreement nor any document referred to in this Agreement, nor any action taken to carry out this Agreement or in connection with the negotiations leading up to this Agreement, is or may be construed as, or may be used as, an admission or concession by or against any party on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever.** To the contrary, CBSI expressly denies that it or any other CBS Releasee has committed any such acts, violated any statute, law, regulation or ordinance, or incurred any liability therefore, and this Agreement merely reflects an amicable resolution of a claim between Sands and CBSI.

(emphasis added).

11.     Despite the Parties' execution of the Settlement Agreements to settle all claims between them, Plaintiff filed the instant lawsuit (the "Instant Lawsuit") against CBS Interactive on August 14, 2018 relating to its allegedly unauthorized use on the GameSpot Website on October 7, 2016 of photographs of actors Jon Bernthal and Deborah Ann Woll, purportedly taken by Plaintiff on the set of *The Punisher* (the "Punisher Photographs").

12.     Upon information and belief, about two years prior to the filing of the Instant Lawsuit, Plaintiff became aware that entities were using the Punisher Photographs without having licensed such photographs, and without giving him attribution.

13.     Despite the fact that the Prior Lawsuits were being negotiated in 2018, Plaintiff did not reference his knowledge that any entities had been using the Punisher Photographs without having licensed such photographs, and without attributing him.

14.     Plaintiff also never contacted CBS Interactive regarding CBS Interactive's purported use of the Punisher Photographs on the GameSpot Website prior to initiating the Instant Lawsuit.

15.     In Plaintiff's motion for summary judgment in the Instant Lawsuit ("Plaintiff's Motion for Summary Judgment"), filed on January 25, 2019, Plaintiff asserted that "CBSi has been sued for copyright infringement at least 16 times in this District," and that CBSi "'settled,' 'settled in principle,' 'resolved,' and/or 'dismissed with prejudice'" 14 out of 16 of those suits — including the Cumberbatch and Ritter Lawsuits — to support his argument that CBSi should be held liable for willful copyright infringement.

16.     Attached to Plaintiff's Motion for Summary Judgment was a declaration from his attorney, Richard Liebowitz, who included a chart purportedly detailing settlements entered into by CBS Interactive, and 74 pages of docket entries from copyright infringement cases that CBS

Interactive purportedly settled.  The Liebowitz Law Firm represented clients in similar settlement agreements and was aware of the prohibitions contained therein.

17.     Plaintiff's Motion for Summary Judgment specifically referenced the Prior Lawsuits, stating that they were "settled in principle," and used the settlement of these lawsuits as purported evidence that CBS Interactive was liable for infringement in the past and is therefore liable for willful copyright infringement in the Instant Lawsuit.

## CLAIMS FOR RELIEF

### COUNT I
**(Breach of the Settlement Agreements)**

18.     CBS Interactive incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

19.     CBS Interactive and Plaintiff entered into the Cumberbatch Settlement Agreement on May 21, 2018, and the Ritter Settlement Agreement on July 25, 2018.

20.     The Settlement Agreements are valid, binding, and enforceable contracts.

21.     CBS Interactive has complied with all its obligations under the terms of the Settlement Agreements, which obligations were "in full and complete settlement of all claims between them."

22.     Plaintiff, however, has breached at least two provisions of the Settlement Agreements.

23.     Specifically, Plaintiff breached Section 6 of each of the Settlement Agreements, the Confidentiality Provision, which prohibits either CBS Interactive or Plaintiff from disclosing the terms and conditions of the Settlement Agreements, or the existence of the Settlement Agreements themselves.

24.     Plaintiff breached the Confidentiality Provision of the Settlement Agreements by referencing the existence of the Settlement Agreements in Plaintiff's Motion for Summary Judgment, stating that CBS Interactive had "settled in principle" the Prior Lawsuits.

25.     Plaintiff also breached Section 9 of the Settlement Agreements, the Admission Provision, which prohibits CBS Interactive or Plaintiff from using anything in the Settlement Agreement, or the negotiations of same, as an admission against any party "on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever."

26.     Plaintiff breached the Admission Provision of the Settlement Agreements by using the settlement of the Prior Lawsuits as purported evidence that CBS Interactive was liable for infringement in the past and is therefore liable for willful copyright infringement in the Instant Lawsuit.

27.     Plaintiff has not cured any of the breaches identified herein.

28.     Plaintiff's breaches of the Settlement Agreements have caused CBS Interactive damages, including the payments it made under the Settlement Agreements, the costs and attorneys' fees it has expended in bringing these counterclaims, as well as depriving CBS Interactive of the benefit of the bargain it struck.

29.     As a direct result of its breaches, Plaintiff is also seeking enhanced statutory damages and attorneys' fees against CBS Interactive.

30.     CBS Interactive is entitled to recover its damages resulting from Plaintiff's breaches of the Settlement Agreement.

## <u>COUNT II</u>
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

31.     CBS Interactive incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

32.     New York law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of New York.

33.     CBS Interactive and Plaintiff entered into the Settlement Agreements in New York, and the Settlement Agreements expressly state that they are governed by the laws of the State of New York.

34.     Plaintiff breached the covenant of good faith and fair dealing by entering into the Settlement Agreements on May 21, 2018 and July 25, 2018, respectively, despite having actual or constructive knowledge of the claim at issue in this Instant Lawsuit.

35.     Specifically, as revealed during discovery Plaintiff became aware of widespread, allegedly unauthorized use of the Punisher Photographs two years prior to filing the Instant Lawsuit.

36.     However, despite this knowledge, Plaintiff entered into each of the Settlement Agreements, thereby agreeing to settle all claims between the parties.

37.     Plaintiff then waited several months after agreeing to settle all claims — and two years after first seeing allegedly unauthorized use of the Punisher Photographs — to file the Instant Lawsuit.

38.     As a result, Plaintiff deprived CBS Interactive of the benefits of the Settlement Agreements and thereby violated the implied covenant of good faith and fair dealing.

39.     Plaintiff's breaches of the covenant have caused CBS Interactive damages, including the substantial costs and attorneys' fees in defending against the Instant Lawsuit.

40.     CBS Interactive is entitled to recover its damages resulting from Plaintiff's breaches of the implied covenant of good faith and fair dealing.

WHEREFORE, CBS Interactive respectfully requests that this Court enter judgment in its favor and against Plaintiff, as follows:

1. Denying all relief sought by Plaintiff in the Complaint;

2. Dismissing the Complaint in its entirety with prejudice;

3. Declaring that CBS Interactive has not infringed any of Plaintiff's copyrights;

4. Finding that Plaintiff is not entitled to damages or attorneys' fees;

5. Finding that Plaintiff breached the Settlement Agreements and awarding CBS Interactive its damages in an amount to be determined at trial;

6. Finding that Plaintiff breached the implied covenant of good faith and fair dealing and awarding CBS Interactive its damages in an amount to be determined at trial;

7. Awarding CBS Interactive its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and

8. Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        February 6, 2019

                                    COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

                          By:   /s/ Eleanor M. Lackman
                                Eleanor M. Lackman
                                Scott J. Sholder
                                Lindsay R. Edelstein
                                41 Madison Avenue, 38th Floor
                                New York, New York 10010
                                Tel.: (212) 974-7474
                                Fax: (212) 974-8474
                                elackman@cdas.com
                                ssholder@cdas.com
                                ledelstein@cdas.com

                                *Attorneys for Defendant CBS Interactive Inc.*

14