# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br><br>                    Plaintiff,<br><br>         - *against* -<br><br>CBS INTERACTIVE INC.,<br><br>                    Defendant. | Case No. 18-cv-07345 (JSR)<br><br>ECF Case |

**DEFENDANT CBS INTERACTIVE INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 26.3 of the Local Civil Rules for the Southern District of New York ("Local Rules"), defendant CBS Interactive Inc. ("CBS Interactive") requests that plaintiff Steve Sands ("Sands") produce and make available for inspection the following documents at the offices of Cowan, DeBaets, Abrahams & Sheppard LLP, 41 Madison Avenue, 38th Floor, New York, New York 10010, within thirty (30) days from the date of service hereof. These discovery requests ("Requests") shall be read and interpreted in accordance with the definitions and instructions set forth below, together with the definitions, instructions, and rules of construction set forth in Rules 26 and 34 of the Federal Rules and Local Rules.

These definitions and instructions supplement any applicable definitions and instructions contained in the Federal Rules and Local Rules, which are incorporated by reference herein. For the purposes of these Requests, the definitions and instructions are as follows:

**DEFINITIONS**

1.  As used herein, the terms "You" or "Your" shall mean Sands, and includes Sands' affiliates, related business entities (including but not limited to any entities controlled or owned

in whole or in part by Sands), agents, representatives, attorneys, successors, heirs, assigns, employees, and contractors.

2. As used herein, the term "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule 34(a) and Local Rule 26.3, including, but not limited to, all written or graphic matter or any other means of preserving thought or expression of every type and description regardless of origin or location, whether written, recorded, transcribed, taped, punched, filmed, microfilmed, or in any other way produced, reproduced or recorded, and including but limited to: originals, drafts, computer-sorted and computer-retrievable information, copies or duplicates that are marked with any notation or annotation, copies or duplicates that differ in any way from the original, correspondence, Communications, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendar notes, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements of employees, requisitions, manuals or guidelines, audit work papers, financial analysis, charts, graphs, indices, audited and unaudited financial statements, photographs, email, electronic or mechanical records, telegrams, telecopies, text messages, audiotapes, videotapes and all other receptacles or repositories housing or containing such documents, and all other media used to record, in any form, information.  A draft or non-identical copy is a separate Document within the meaning of this term.  "Document" shall also include any removable "Post-It"-type notes or other attachments affixed to any of the foregoing, as well as the file, folder tabs, and labels appended to or containing any documents.  "Document" expressly includes all Electronic Data stored on any Electronic Media.

3. As used herein, the term "Electronic Data" shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital or other means. "Electronic Data" includes, by way of example and not by limitation, computer programs (whether private, commercial or work in progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said Electronic Data exists in an active file, deleted file or file fragment. "Electronic Data" includes, but is not limited to, any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media such as thumb drives and their equivalent, magnetic tapes of all types, microfiche, and any other vehicle used for digital data storage and/or transmittal. "Electronic Data" also includes the file, folder tabs, and/or containers and labels appended to, or associated with each original and/or copy.

4. As used herein, the term "Electronic Media" means any magnetic or other storage media device used to record Electronic Data. Electronic Media devices may include, but are not limited to, computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROM, removable media such as external hard drives, thumb drives and their equivalent, magnetic tapes of all

3

types, microfiche, punched cards, and any other vehicle used for digital data storage and/or transmittal.

5. As used herein, the term "All Documents" shall mean every Document known to You and every Document that can be located or discovered by reasonably diligent efforts on Your part.

6. As used herein, the term "Communication" or "Communications" shall mean the transmission or transfer of any kind, orally, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever, including without limitation, telephone conversations, letters, memoranda, messages, notes, summaries, telexes, photographs, motion pictures, audio tapes, video tapes, computer telecommunications, electronic or magnetic media, electronic mail, or other materials or memorials of communication, meetings or any occasion of joint or mutual presence, as well as the transfer of any document from one Person to another.

7. As used herein, the terms "Person" and "Persons" are defined as any natural person or any business, legal or governmental entity or association.

8. As used herein, the terms "regarding," "relating to," "concerning," and "in connection with" are used in their broadest sense, and mean anything that, directly or indirectly, generally or specifically, regards, relates to, refers to, concerns, contains, constitutes, contradicts, supports, evidences, embodies, comprises, reflects, mentions, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way, directly or indirectly, relevant to the subject.

9. As used herein, the term "including" shall be construed as meaning "including, without limitation."

10. As used herein, the terms "all" and "any" shall be construed as "all and any."

11. As used herein, where appropriate, the use of the singular includes the plural, and the use of the plural includes the singular. The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of a Request any Documents that otherwise might be construed to be outside its scope.

12. As used herein, the words "or" and "and" as used herein shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of any Request any Documents which would not otherwise be within its scope.

13. As used herein, the term "Complaint" shall mean the Complaint filed by You in the above-captioned action on August 15, 2018.

14. As used herein, the "Photographs" shall mean the photographs depicted in Exhibit A to the Complaint, which feature actors on the set of Netflix's *The Punisher* television series and which appeared in an article entitled "New Punisher Images Reveal Return of Key Daredevil Character" on the website www.gamespot.com on or about October 7, 2016.

15. As used herein, the phrase "Game Spot Article" shall mean the article entitled "New Punisher Images Reveal Return of Key Daredevil Character," as referenced by You in paragraph 10 of the Complaint, which featured the Photographs.

## **INSTRUCTIONS**

1. You are required to produce not only those Documents in Your own possession, custody, and control, but also those reasonably available to You, including those within the possession, custody or control of attorneys, clients, accountants, employees, agents and representatives acting on Your behalf or retained by You.

2. Documents are to be produced without masking, redacting, obliteration or alteration of any sort. All Documents produced shall either be organized and labeled to correspond to the numbered paragraphs contained in these Requests or produced as they are kept in the usual course of business.

3. If You properly object to the production of any Document (or portions of a Document), please produce all remaining Documents (or portions of them) called for by the Request to which You do not object.

4. If You claim that the attorney-client privilege, the attorney work product rule, or any other privilege is applicable to any Document whose production is requested and which You are therefore withholding, in addition to producing any non-privileged portion of the Documents, You are required to set forth in Your written response the following information:

    a. the general type of Document, *e.g.*, letter, memorandum, report, miscellaneous notes, etc.;

    b. the date of the Document;

    c. each author of the Document;

    d. each organization, if any, with which each author was then connected;

    e. each addressee, recipient, or other distributee of the Document;

    f. each organization, if any, with which each addressee, recipient, or distributee was then connected;

    g. a general summary of the subject matter of the Document;

    h. the grounds for refusal to produce such Document; and

    i. the present location of each such Document and each copy thereof known, including the title, index number and location, if any, of the file in which the

Document is kept or the file from which such Document was removed, and the identity of each person responsible for the filing or other disposition of the Document.

5. Each Document called for herein of which You have knowledge or information, but which is not in Your possession, custody or control, or reasonably available to You, shall be identified in the manner set forth in the preceding paragraph.

6. Each Request should be construed independently and not by reference to any other Request for the purpose of limiting that Request, except that identical Documents need not be produced in response to more than one Request.

7. These Requests are continuing until the date of trial hereof. You are required to produce further Documents requested herein, if and when they are obtained after the date Documents are produced, at a place and time to be agreed upon between counsel.

8. Documents, writings, and other tangible things produced in response to these Requests will be inspected, number-stamped and xerographically or photographically reproduced by You and/or Your attorneys of record.

9. Unless otherwise specified, the timeframe for these Requests encompasses January 1, 2013 through the date hereof.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

The following described documents, records, writings and/or things are to be produced as described herein.

1. All Documents and Communications concerning the copyright registration that You received for the Photographs and any applications for such registration, including but not

limited to all application forms and other materials submitted to the U.S. Copyright Office, such as deposit copies and correspondence.

2. Documents sufficient to demonstrate the allegation contained in Paragraph 8 of the Complaint that You are the sole copyright owner of the Photographs.

3. Documents sufficient to demonstrate the allegation contained in Paragraph 7 of the Complaint that You took the Photographs.

4. All Documents and Communications relating to lawsuits initiated by You that were ultimately withdrawn and/or dismissed by You due to – in part or in whole – the fact that you did not own the copyright to the photograph(s) at issue.

5. All Documents and Communications concerning the creation of the Photographs, including, but not limited to, how You became aware that Netflix's *The Punisher* was filming on the date the Photographs were taken by You.

6. All Communications between You and any Persons affiliated with Netflix's *The Punisher* television series from January 1, 2016 through the date of these Requests.

7. All Communications between You and any Persons concerning Your access to the set of Netflix's *The Punisher* television series, including any Documents evidencing any grant or denial of authorization for You to take the Photographs on the set of the show or to access the set of the show.

8. All Communications between You and any Persons relating to Your accessing television and/or movie sets without authorization, including with respect to Photographs taken by You on those sets.

9. All Documents relating to Your accessing television and/or movie sets without authorization, including with respect to Photographs taken by You on those sets.