# EXHIBIT I

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| STEVE SANDS | ) |
| *Plaintiff* | ) |
| v. | ) |
| CBS INTERACTIVE INC. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:18-cv-07345-JSR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　　　　Evolve Media, LLC, Attn: Legal Department
　　　　　　5140 Goldleaf Circle Suite, 100C, Los Angeles, California 90056

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: | Date and Time: |
|---|---|
| Cowan, DeBaets, Abrahams & Sheppard LLP 9595 Wilshire Blvd, Suite 900, Beverly Hills, CA 90212 | 01/02/2019 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　12/20/2018

　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　OR
　　_____　　　_____
　　*Signature of Clerk or Deputy Clerk*　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
CBS Interactive Inc.　　　　　　　　　　　　　　　　, who issues or requests this subpoena, are:

Eleanor M. Lackman, Cowan, DeBaets, Abrahams & Sheppard LLP, 41 Madison Ave, Floor 38, New York, NY 10010
elackman@cdas.com, (212) 974-7474

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-07345-JSR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Schedule A**

**DEFINITIONS**

The following definitions shall apply to these inspection demands:

1.      "You" or "Your" shall mean Evolve Media LLC, and includes Evolve Media LLC's present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, shareholders, officers, directors, agents, employees, and contractors.

2.      "Document" or "Documents" shall mean handwritten, typewritten, printed, photocopied, photographed, tape-recorded, videotaped, filmed materials, screenshots, and any form of communication or representation including letters, words, pictures, sounds or symbols or combinations thereof recorded by any means upon any tangible item, whether draft or original, complete or partial, or contained on paper or computer memory, including but not limited to correspondence, reports, records, memoranda, messages, notes, emails, texts, computerized information, graphs, charts, data compilations, lists, contracts, agreements, calendars, diaries, personnel files, canceled checks and the like including those Writings as defined by Rule 1001 of the Federal Rules of Evidence, generated by computer, stored on computer, computer disks or both.

3.      "All Documents" shall mean every document known to You and every document that can be located or discovered by reasonably diligent efforts on Your part.

4.      "Communication" or "Communication" shall mean the transmission or transfer of any kind, orally, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever, including without limitation, telephone conversations, letters, memoranda, messages, notes, summaries, telexes, photographs, motion pictures, audio tapes, video tapes, computer telecommunications, electronic or magnetic media, electronic mail, or other materials or memorials of communication, meetings or any occasion of joint or mutual presence, as well as the transfer of any document from one person to another.

1

5.      "Relating To" shall mean any and all Documents or Communications that refer to, reflect, discuss, show, evidence, constitute or are in any way logically or effectually connected with the matter set forth in the demands.

6.      "Sands" shall mean Steve Sands, the plaintiff in this matter, and includes Sands' past or present agents, employees, contractors, representatives, successors, heirs, assigns, marital or domestic partners (if any), and any entities controlled or owned in whole or in part by Sands including those entities' respective parents, subsidiaries, affiliates, directors, officers, members, employees, attorneys, or other persons or entitles acting on their behalf.

7.      "CBSi" shall mean CBS Interactive Inc., the defendant in this matter, and includes CBS Interactive's present or former parents, subsidiaries, affiliates, related business entities, predecessors, successors, shareholders, officers, directors, agents, employees, and contractors.

8.      "Your Websites" shall mean any websites owned (in whole or in part) or operated (in whole or in part) by You, including, but not limited to, the website hosted at the URL comingsoon.net, including any and all pages encompassed within such websites.

9.      "Coming Soon Website" shall mean any website hosted at the URL comingsoon.net, including any and all pages encompassed within such website.

10.      "Coming Soon Article" shall mean all present and past versions of the article appearing on the website hosted at the URL https://www.comingsoon.net/tv/news/773867-a-daredevil-series-character-appears-on-the-punisher-set?slideshow=129885#/slide/50,    including any and all photographs used in connection with all present and past versions of that article.

11.      "Photographs" shall mean the photographs of Jon Bernthal and/or Deborah Ann Woll that currently appear, or have ever appeared, in the Coming Soon Article, including, but not limited to, the first five (5) photographs annexed hereto as Exhibit A.

12.      "Doctor Strange" shall mean the 2016 theatrical film entitled Doctor Strange, which was produced by Marvel Studios, LLC.

13.    "Cumberbatch" shall mean the actor known as Benedict Cumberbatch who appeared in Doctor Strange.

14.    "Jessica Jones" shall mean the Netflix television series entitled "Jessica Jones."

15.    "Ritter" shall mean the actress known as Krysten Ritter, who appears in Jessica Jones.

## INSTRUCTIONS

1.    You are required to produce not only those Documents in your own possession, custody, and control, but also those reasonably available to You, including those within the possession, custody or control of attorneys, clients, accountants, employees, contractors, agents and representatives acting on Your behalf or retained by You.

2.    Documents are to be produced without masking, redacting, obliteration or alteration of any sort.  All Documents produced shall either be organized and labeled to correspond to the numbered paragraphs contained in this document request or produced as they are kept in the usual course of business.

3.    If You properly object to the production of any Document (or portions of a Document), please produce all remaining Documents (or portions of them) called for by the request for production to which You do not object.

4.    If You claim that the attorney-client privilege, the attorney work product rule, or any other privilege is applicable to any Document whose production is requested and which You are therefore withholding, in addition to producing any non-privileged portion of the Documents, You are required to set forth in Your written response the following information:

  a.    the general type of Document, i.e., letter, memorandum, report, miscellaneous notes, etc.;

  b.    the date;

  c.    each author;

  d.    each organization, if any, with which each author was then connected;

  e.    each addressee or recipient;

  f. each other distributee thereof;

  g. each organization, if any, with which each addressee, recipient or distributee was then connected;

  h. a general summary of the subject matter;

  i. the grounds for refusal to produce such document; and

  j. the present location of each such document and each copy thereof known, including the title, index number and location, if any, of the file in which the document is kept or the file from which such document was removed, and the identity of each person responsible for the filing or other disposition of the Document.

  5. Each Document called for herein of which You have knowledge or information, but which is not in Your possession, custody or control, or reasonably available to You, shall be identified in the manner set forth in the preceding paragraph.

  6. Each request for production should be construed independently and not by reference to any other request for the purpose of limiting that request, except that identical Documents need not be produced in response to more than one request.

  7. This request for production is a continuing request until the date of trial hereof to produce the Documents requested herein. You are required to produce further Documents requested herein, if and when they are obtained after the date documents are produced, at a place and time to be agreed upon between counsel.

  8. Documents, writings, and other tangible things produced in response to this request will be inspected, number-stamped and xerographically or photographically reproduced by You and/or Your attorneys of record.

  9. Unless otherwise specified, the timeframe for these document requests encompasses January 1, 2015 through the date hereof.

## REQUEST FOR PRODUCTION OF DOCUMENTS

The following described documents, records, writings and/or things are to be produced as described herein.

1.     All Documents Relating To Your use of any photographs purportedly taken by Sands on Your Websites, including, but not limited to, the photographs annexed hereto as Exhibit A.

2.     All internal Communications Relating To Your use of any photographs purportedly taken by Sands on Your Websites, including, but not limited to, the photographs annexed hereto as Exhibit A.

3.     All Communications between You and Sands Relating To Your use of any photographs purportedly taken by Sands on Your Websites, including, but not limited to, the photographs annexed hereto as Exhibit A.

4.     All Communications between You and any third-part(ies) Relating To Your use of any photographs purportedly taken by Sands on Your Websites, including, but not limited to, the photographs annexed hereto as Exhibit A.

5.     All Documents Relating To any payments you made, or received, Relating To photographs purportedly taken by Sands, including, but not limited to, with regard to use, license, or settlement of claims Relating To such photographs.

6.     All Documents and Communications Relating To any cease and desist letters You have received from Sands Relating To Your use of photographs purportedly taken by him on Your Websites.

7.     All Documents Relating To Your use of the Photographs on the Coming Soon Website, including, but not limited to, any metadata, authorship, and licensing information.

5

8.      All Documents Relating To any modifications You made to the Coming Soon Article following its initial publication, including with respect to Your use of the Photographs.

9.      All Communications between You and any third-part(ies) Relating To the Photographs, including copying, use, or licensing of same.

10.     All Communications Relating To the Photographs, including who took the Photographs and the circumstances under which they were taken.

11.     All Documents Relating To Your use of photographs of Cumberbatch on the set of Doctor Strange.

12.     All Communications Relating To Your use of photographs of Cumberbatch on the set of Doctor Strange, including any Communications between You and Marvel Studios, LLC.

13.     All Documents Relating To Your use of photographs of Ritter on the set of Jessica Jones.

14.     All Communications Relating To Your use of photographs of Ritter on the set of Jessica Jones, including any Communications between You and Netflix.

**<u>EXHIBIT A</u>**













