# EXHIBIT P

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

STEVE SANDS

                    Plaintiff,

    - against -

CBS INTERACTIVE INC.

                    Defendant.

---

Case No. 1:18-cv-7345 (JSR)

## PLAINTIFF  STEVE SANDS' FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Civil Rules of the United States District Court for the Southern District of New York ("Local Rules"), Steve Sands ("plaintiff" or "Sands"), by and through his attorneys, hereby requests that Defendant CBS Interactive Inc. ("defendant" or "CBS") produce all documents specified in the requests below at the offices of Liebowitz Law Firm PLLC, 11 Sunrise Plaza, Valley Stream, NY 11580, attn. James H. Freeman, Esq., within thirty (30) days of the date hereof.

## DEFINITIONS

1.      The definitions set forth in Rule 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 are hereby incorporated by reference, including the definitions of "communication," "document," "identify" (with respect to persons), "identify" (with respect to documents), "defendant," "person," and "concerning."

2.      "Action" shall mean the above-captioned action.

3.      The term "Complaint" means the pleading which initiated the Action.

4.      The term "Photographs" means the five (5) photographs of actor John Bernthal and actress Deborah Ann Woll on the set of Marvel's *The Punisher* television series on Netflix that

1

are the subject of this litigation and which are depicted in Exhibit A to the Complaint [Dkt. # 1-1].

5.      The term "Website" means the URL at www.gamespot.com where the

Photographs were displayed by defendant as of the time this lawsuit was filed.

6.      The term "Article" means the article published by defendant on or about October

7, 2016 entitled *New Punisher Images Reveal Return of Key Daredevil Character*. See URL:

https://www.gamespot.com/articles/new-punisher-images-reveal-return-of-key-daredevil/1100-

6444279/.  A copy of the Article is attached as Exhibit C to the Complaint. [Dkt. #1-3].

7.      The words "copyright management information" means gutter credit or

authorship credit found at the bottom of a published photograph.

8.      The term "produce" means to make available the documents requested herein for

inspection and copying and to separate such documents into categories set forth in this request.

9.      The term "records" shall mean all methods of arranging or storing papers,

documents or other recordings of data whether contained in folders, cabinets or other containers,

whether recorded on magnetic cards, tapes or discs, hard drives, clouds, or any other media,

which are or have been maintained by defendant or on defendant's behalf for preservation or

reference.

10.     The term "including" means including but not limited to.

11.     "You" and "your" shall refer to the plaintiffs in this action and their agents,

representatives, and anyone else acting on behalf of one or more of them.

## INSTRUCTIONS

1.      All documents shall be produced in accordance with Federal Rules of Civil

Procedure 26 and 34 and Local Civil Rule 26.1 *et seq.*

2.      This request includes all documents kept in electronic form, including, but not

limited to, electronic mail files, files stored on a computer hard drive or server, and documents kept on removable media (e.g., CD-ROM, DVD, or USB thumb drive).

3.      The fact that a document has been or may be produced by any other person does not relieve you from your obligation to produce the document even if the two documents are identical in all respects.

4.      The terms of this request shall be interpreted in accordance with the rules of construction set forth in Local Rule 26.3(c) so that (i) the terms "all," "any," and "each" shall be construed as any and all; (ii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; and (iii) the use of the singular form of a word includes the plural and vice versa.

5.      The term "including" shall not be construed to limit the scope of any document request.

6.      In responding to this request, furnish all information that is available to you or subject to your control, including information in the possession or control of your attorneys, accountants, advisors, agents, representatives, or other persons or entities directly or indirectly employed by, or connected with, you or your agents or representatives. All documents that are responsive, in whole or part, to any portion of the requests herein shall be produced in their entirety, including all drafts, attachments, and disclosures.

7.      Responsive documents and correspondence shall be produced as kept by defendant in the ordinary course of business and shall be legible and bound or stapled in the same manner as the original. If there are no documents or things responsive to a particular request, state so in writing.

8.      Each request herein for a document or documents to be produced contemplates

production of responsive documents in their entirety without abbreviation or expurgation, along with all attachments, appendices, enclosures, and exhibits. Where any copy of any document whose production is sought, whether a draft or final version, is not identical to any copy thereof, by reason of alterations, notes, comments, initials, underscoring, indication of routing, or other material contained thereon or attached thereto, all such non-identical copies are to be produced separately.

9.      If a responsive document has been lost or destroyed: state its author, preparer, or originator; recipient(s); date; subject matter; and all persons to whom copies were directed, furnished, or addressed; describe the contents of the document; the last known location(s) of such document and any additional copies thereof; and the date or approximate time of the loss or destruction, the reason therefor, and the person or persons responsible therefor.

10.     If any document cannot be produced in full, produce it to the extent possible, specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

11.     If and to the extent any request is objected to, state with specificity all grounds for the objection. Any ground not stated within the time prescribed by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.

12.     If you claim that any particular request is beyond the scope of permissible discovery, specify in detail each and every ground for that claim.

13.     If a claim of privilege is asserted in objecting to any request or sub-part thereof, and documents are withheld on the basis of such assertion, furnish a list providing the information required by Local Rule 26.2.

14.     Pursuant to Federal Rule of Civil Procedure 26(e), this document request is to be regarded as continuing. Defendant is under an obligation to supplement its responses to include

any additional information thereafter acquired if the additional information indicates that a prior response was either incorrect when made or is no longer accurate or complete.

15.     Unless otherwise stated, the documents requested are those referring to, in effect during, or created during, the period from January 1, 2015 to the date of these requests (the "Time Period").

16.     Plaintiff reserves the right to serve supplemental or additional requests for the production of documents.

### DOCUMENT REQUESTS

Produce the following:

1.     All records, documents and communications concerning defendant's discovery of the Photographs, including all communications to, from and between person or persons who first came across the Photographs.

2.     All records, documents and communications concerning defendant's decision to use the Photographs, including all communications to, from and between any person or persons who participated in the decision-making process to use the Photographs.

3.     All records, documents and communications concerning defendant's process of editing the Photographs, including all communications to, from and between any person or persons who participated in the editorial process.

4.     All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by CBS to upload the Photographs to the Website.

5.     All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by CBS to edit the Photographs before displaying it on the Website.

6.      All records, documents and communications concerning defendant's efforts to identify the name of copyright holder, copyright owner and/or copyright author of the Photographs.

7.       All records, documents and communications concerning defendant's efforts to identify the name the photographer of the Photographs.

8.      All records, documents and communications concerning defendant's efforts to contact the photographer of the Photographs prior to CBS's publication of the Photographs.

9.      All records, documents and communications concerning defendant's efforts to license the Photographs.

10.      All records, documents and communications between CBS's counsel and any editor or journalist concerning publication of the Photographs prior to the Photographs' publication in the Article.

11.      All records, documents and communications concerning defendant's internal policy, Standards & Practices, or other guidance for obtaining permission, consent or license to any copyrightable material and which were in effect at the time the Photographs were published to the Website.

12.      All records, documents and communications concerning advertising revenue generated by the Website in connection with CBS's publication of the Article.

13.      All records, documents and communications concerning the subject matter of the Photographs: Dale Earnhardt Jr.

14.      All records, documents and communications concerning the editor who posted or published the Article.

15.      All records, documents and communications concerning the Photographs.

16.      All records, documents and communications concerning CBS's estimated net

worth for the year ending 2016.

17.     All records, documents and communications concerning CBS's gross revenues for the year ending 2016.

18.     All records, documents and communications concerning CBS's net profits for the year ending 2016.

19.     All records and documents concerning the number of CBS's employees.

20.     All records and documents concerning the location of each CBS office, both domestically and internationally.

21.     All records, documents and communications concerning the "likes," "shares," "reposts," "tweets," and "comments" posted to the Article after defendant's publication of the Photographs.

22.     All records, documents and communications concerning the number of visitors who have clicked on the Article since the first date of the Article's publication.

23.     All records, documents and communications between defendant and plaintiff prior to the filing of the Action.

24.     All copies of complaints in any copyright-related action filed against defendant in the last three years.

25.     All records, documents and communications that support defendant's position that it did not commit copyright infringement of the Photographs.

26.     All records, documents and communications which may be used to prove the elements of any affirmative defense asserted by defendant in its answer to the Complaint.

27.     All records, documents and communications concerning any advertising or other actions done to increase traffic to the Website.

28.     All records, documents and communications that you intend to introduce as

exhibits or otherwise use in support of your position, or in opposition to any position taken by plaintiff, on any motion or at any hearing or trial in this action.

       29.     All records, documents and communications to which you refer in your Initial Disclosures.

       30.     All records, documents and communications referred to in your interrogatories to plaintiff.

Dated: September 28, 2018
       Valley Stream, New York

LIEBOWITZ LAW FIRM, PLLC

**/s/ JamesHFreeman**
James H. Freeman
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
jf@liebowitzlawfirm.com

*Attorneys for Plaintiff Steve Sands*

*TO:*

Eleanor M. Lackman
Scott J. Sholder
Lindsay R. Edelstein
COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
elackman@cdas.com
ssholder@cdas.com
ledelstein@cdas.com

*Attorneys for CBS Interactive Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF STEVE SANDS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS has been served via e-mail and first class mail on September 28, 2018 to counsel listed below.

Eleanor M. Lackman
Scott J. Sholder
Lindsay R. Edelstein
COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474
elackman@cdas.com
ssholder@cdas.com
ledelstein@cdas.com

*Attorneys for CBS Interactive Inc.*

Dated: September 28, 2018

By: /jameshfreeman/
        James H. Freeman, Esq.
        Liebowitz Law Firm PLLC
        jf@liebowitzlawfirm.com